# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                                    Plaintiff,<br><br>    vs.<br><br>CHRISTOPHER DALE GIACINTO,<br><br>                                    Defendant. | CASE NO. 07cv95 WQH (WMc)<br><br>**ORDER OF REMAND** |

HAYES, Judge:

On January 12, 2007, Defendant Christopher Dale Giacinto filed a "Notice of Removal of State Criminal Action/Maritime Claim," purporting to remove to this Court a criminal action from the Superior Court of California, cause number CD192330 ("state court action"). Defendant attaches to his Notice of Removal a copy of an "Amended Complaint--Felony," filed in the state court action on July 28, 2005, charging Defendant and another individual with two felony counts of child abuse and two counts of resisting an officer. Defendant also attaches other filings from the state court action, all filed considerably earlier than thirty days from the date of removal.

The procedure for removal to this Court is set forth in 28 U.S.C. § 1446, which provides in pertinent part:

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time. ...
> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(1) & (c)(4).

"Because of the 'Congressional purpose to restrict the jurisdiction of the federal courts on removal,' the [removal] statute is strictly construed, and federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Hence, there is a "'strong presumption' against removal jurisdiction," which means that "the defendant always has the burden of establishing that removal is proper." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 566); *see also Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) ("The burden of establishing federal jurisdiction falls on the party invoking removal.") (quotation omitted).

In accordance with its duty pursuant to 28 U.S.C. § 1446(c)(4), this Court has examined the Notice of Removal promptly after its filing. If, during this examination, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," the Court is <u>required</u> to order summary remand of the action. 28 U.S.C. § 1446(c)(4). In this case, it is clear from the Notice of Removal, as well as the attached exhibits, that this removal was instituted far more "than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1446(c)(1). The Notice of Removal fails to demonstrate good cause for the considerable delay. As set out above, Defendant has the burden to establish that removal was proper. He has failed to carry this burden. Accordingly, pursuant to 28 U.S.C. § 1446(c)(4), this action is hereby **REMANDED** to the Superior Court of California, where it was originally filed under cause number CD192330.

Defendant's Motion for Leave to Proceed *in forma pauperis* (D.E. 2) is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: February 1, 2007

**WILLIAM Q. HAYES**
United States District Judge